IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ANTHONY J. FERRANTINO,** | |
| Plaintiff, | |
| v. | No.  07 CV 7091 |
| **GENERAL SECURITY SERVICES CORPORATION,** | JUDGE RUBEN CASTILLO |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant, General Security Services Corporation (hereinafter "GSSC"), by and through its attorneys, Littler Mendelson, A Professional Corporation, submits this memorandum in support of its motion to dismiss the claims brought by plaintiff Anthony J. Ferrantino (hereinafter "Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).  For the reasons stated below, Plaintiff's First Amended Complaint should be dismissed with prejudice.

**SUMMARY OF ARGUMENT**

In his two-count  First Amended Complaint, Plaintiff claims that GSSC violated Title VII by subjecting "Plaintiff to inferior terms and conditions as compared to his similarly-situated female coworkers."  (First Amended Complaint, ¶ 9). Plaintiff further claims that "following his complaint of discrimination, the discriminatory terms and conditions of Plaintiff's employment did not improve, and Plaintiff was immediately subjected to harassment and unwarranted discipline in retaliation of his complaint."  (First Amended Complaint, ¶ 22).

However, Plaintiff's First Amended Complaint should be dismissed because the Court lacks subject matter jurisdiction over Plaintiff's Title VII claims.  Title VII of the Civil Rights Act of 1964 requires a plaintiff to file a complaint in court within 90 days of receiving notice

from the EEOC of the right to sue. 42 U.S.C. § 2000e-5(f)(1). Plaintiff failed to file his Title VII claims within the proper timeframes. According to established Seventh Circuit precedent, his Title VII claims are time-barred, and should be dismissed. Even if the Court finds that the Plaintiff filed his Title VII claims within in the proper timeframes, Plaintiff's First Amended Complaint fails to state claims upon which relief can be granted because Plaintiff's Title VII claims, except for ¶ 9(b) are beyond the scope of his Charge with the Equal Employment Opportunities Commission (EEOC) and the Illinois Human Rights Commission (IDHR) (hereinafter "the Charge") and should be dismissed.

## STATEMENT OF MATERIAL FACTS[1]

### I. PLAINTIFF ANTHONY FERRANTINO'S EMPLOYMENT WITH GENERAL SECURITIES CORP.

Plaintiff, Anthony Ferrantino ("Plaintiff") was employed by General Security Services Corp. ("GSSC") as a security officer in the Chicago area. (SOF ¶ 1.)

#### A. July 29, 2005-January 25, 2006: Plaintiff alleges discrimination based on his sex (male).

Plaintiff files a charge of discrimination (and two amendments to the original charge) with the IDHR and the EEOC. (SOF ¶ 2.)

#### B. January 25, 2006: Plaintiff Files a Charge of Discrimination.

Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") on January 25, 2006. (SOF ¶ 3.) In his January 25, 2006 Charge of Discrimination, Plaintiff raised concerns of sex discrimination. (SOF ¶ 4.) The address Plaintiff provided in that Charge was 202 E. Krack Street, #121, Forrest, IL 61741.

---

[1] Defendant's Statement of Material Facts, filed herewith, will be cited as "SOF ¶ ___."

### C. February 16, 2006: Plaintiff Files an Amendment to the January 25, 2006 Charge of Discrimination.

Plaintiff filed a technical amendment to the January 25, 2006 Charge to include the basis of sex in I.A. Issue/Basis only.  (SOF ¶ 5.)

### D. 7/12/2006: Notice of IDHR Fact Finding Conference Sent to Plaintiff at P.O. Box 2997.

The IDHR held a Fact Finding Conference that both Plaintiff and GSSC were required to attend.  Notice of the Fact Finding Conference was sent to Plaintiff at **P.O. Box 2997, Chicago, Illinois 60690.**

### E. February 20, 2007: IDHR Issues a Notice of Dismissal For Lack of Substantial Evidence.

The IDHR issued a Notice of Dismissal for Lack of Substantial Evidence on February 20, 2007 to Plaintiff via First Class Mail to his address, **P.O. Box 2997, Chicago, Illinois 60690**. (SOF ¶ 8.)

### F. July 19, 2007: EEOC Sends Plaintiff a Notice Stating that it has Adopted the Findings of the IDHR and Notice of Rights to Sue by Certified Mail.

The EEOC issued a Notice to Plaintiff stating that the EEOC adopted the findings of the state agency that investigated his charge and a Dismissal and Notice of Rights to Plaintiff (on July 19, 2007) via certified mail to his address, **P.O. Box 2997, Chicago, Illinois 60690**. (Ex. 1: Certified Mail Receipt and Notice of Right to Sue Dated July 19, 2007).  (SOF ¶ 9.)

### G. September 13, 2007: EEOC Re-issues the Notice Stating that it has Adopted the Findings of the IDHR and Dismissal and Notice of Rights by Certified Mail, and Plaintiff Initiates the Action at Bar.

The EEOC re-issued the Dismissal and Notice of Rights to Plaintiff on September 13, 2007 via certified mail to his address in California, P.O. Box 1182, Palo Alto, California 94302-

3

1182. (SOF ¶ 10.) The EEOC sent a cover letter with the Dismissal and Notice of Rights that stated:

> This is in response to you (sic) inquiry regarding the status of your charge of discrimination, EEOC Charge No.: 21B-2006-00904 filed against General Security Service Corporation. Our records show that a Dismissal and Notice was issued on July 19, 2007. Per your discussion with Nola Smith, State and Local Coordinator, the address provided by the Illinois Department of Human Rights (IDHR) for you was incorrect and your never received the referenced Notice. Consequently, we are rescinding the Notice of July 19, 2007 and sending the enclosed Notice.

(SOF ¶ 11.)

Plaintiff thereafter filed his Complaint, initiating this lawsuit, on December 14, 2007. (SOF ¶ 12.)

## II. MOTION TO DISMISS STANDARDS

### A. Standard For A Motion To Dismiss For Lack Of Subject Matter Jurisdiction Under Fed. R. Civ. P. 12(b)(1).

On a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the Court must consider independently whether it has subject matter jurisdiction over the claims pled. *See, e.g., United Phosphorus, Ltd. v. Angus Chemical Co.,* 322 F.3d 942, 946 (7th Cir. 2003); *Bastien v. AT&T Wireless Services, Inc.,* 205 F.3d 983, 989-90 (7th Cir. 2000); *El-Khader v. Perryman,* 264 F. Supp. 2d 645 (N.D. Ill. 2003). "On a motion to dismiss under Rule 12(b)(1), the court is not bound to accept the truth of the allegations in the complaint, but may look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt." [2] *Bastien,* 205 F.3d at 990; *see United Phosphorus,* 322 F.3d at 946. The court is free to weigh the evidence to determine if subject matter jurisdiction has been established. *See*

---

[2] The evidence GSSC has submitted outside of the First Amended Complaint is submitted solely for the purpose of ruling on its motion to dismiss the state and federal statutory discrimination claims pursuant to Fed. R. Civ. P. 12(b)(1). GSSC does not submit this evidence for purposes of its Rule 12(b)(6) motion to dismiss Plaintiff's claims for failure to state a claim upon with relief can be granted.

4

*Capitol Leasing Co. v. FDIC,* 999 F.2d 188 (7th Cir. 1993). The burden of proving subject matter jurisdiction is on the party asserting jurisdiction, in this case, Plaintiff. *See United Phosphorus,* 322 F.3d at 946.

> **B. Standard For A Motion To Dismiss For Failure To State A Claim Under Fed. R. Civ. P. 12(b)(6).**

A Complaint must be dismissed under the Federal Rules of Civil Procedure where it appears beyond doubt that the plaintiff can prove no set of facts consistent with the pleadings in support of her claim that would entitle her to relief. *Ekerman v. City of Chicago*, 2002 U.S. Dist. LEXIS 8711 (N.D. Ill. May 16, 2002) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The court must accept as true the well-pleaded allegations of the complaint. *See id.*

**III. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S TITLE VII CLAIMS BECAUSE HE FAILED TO FILE SUIT WITHIN THE APPLICABLE LIMITATIONS PERIOD.**

Title VII of the Civil Rights Act of 1964 requires a plaintiff to file a complaint in court within 90 days of receiving notice from the EEOC of the right to sue. 42 U.S.C. § 2000e-5(f)(1). A lawsuit filed even one day past the ninety-day period will result in dismissal of the complaint, if the delay is not excusable. *Wilson v. Doctors Hosp. of the Hyde Park*, 909 F. Supp. 580, 581 (N.D. Ill. 1996); *see also Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.") The 90-day period begins to run when the charging party receives actual notice from the EEOC of the right to sue. *Houston v. Sidley & Austin*, 185 F.3d 837, 839 (7th Cir. 1999). However, the Seventh Circuit has held that when notice is delayed by or through fault of the plaintiff, "the constructive receipt doctrine applies and the 90-day clock starts running once delivery is attempted at the last address provided." *Reschny v. Elk Grove Plating Co.*, 414 F.3d 821, 823 (7th Cir. 2005); *accord*, e.g., *Moore v. Henderson*, 174 F. Supp. 2d 767, 773 (N.D. Ill. 2001) (Conlon, J.) ("[W]here the

5

plaintiff's receipt of the notice is delayed, a fault approach is used."); *Id.* at 773-74 (reviewing different situations that constituted fault and concluding that fault rested with the plaintiff for her failure to report her address changes to the EEOC). A plaintiff must take reasonable steps to ensure receipt of a right to sue letter. *Bond v. American Medical Ass'n*, 764 F. Supp. 122, 125 (N.D. Ill. 1991).

Where a plaintiff fails to offer a reasonable explanation for her failure to obtain the certified letter from the post office, or otherwise explain her failure for not receiving the notice of rights to sue mailed by the EEOC, federal courts in this district hold the plaintiff at fault and apply the constructive notice doctrine, *i.e.,* plaintiff had notice of her right to sue as of either (a) the original date of attempted delivery; or (b) five days after it was issued by the EEOC. *Jones v. Motorola, Inc.*, No. 00-C-6439, 2001 U.S. Dist. LEXIS 11070 *17-18 (N.D. Ill. Jul. 30, 2001) (copy attached as Ex. "2"); *St. Louis v. Alverno College*, 744 F.2d 1314 (7th Cir. 1984); *Stavrou v. Mercy Hospital and Medical Center*, No. 01-C-2493, 2004 U.S. Dist. LEXIS 11484 *5-6 (N.D. Ill. Jun. 23, 2004) (copy attached as Ex. "3").

Plaintiff filed his original Complaint in the instant matter on December 14, 2007, **148 days** after the EEOC issued the Notice of Dismissal and Rights on July 19, 2007 (SOF ¶ 9) and **143 days** following the five-day constructive receipt rule identified above. Plaintiff subsequently filed his First Amended Complaint on March 13, 2008. Not only has Plaintiff failed to state sufficient facts explaining when his addressed changed, Plaintiff has not articulated *any* explanation for his failure to provide the EEOC or the IDHR with a new address. (*See generally* First Amended Complaint; SOF ¶¶ 10-12.) Additionally, Plaintiff has not alleged that the time should have been tolled for any reason during the period between July 19, 2007 and September 13, 2007. (*See generally* First Amended Complaint). In fact, Plaintiff completely

fails to mention the first EEOC Notice of Dismissal and Rights. (*Id.*) Therefore, this action is untimely.

According to these well-established rules, Plaintiff was required file his Title VII Complaint no later than:

| 90 days after July 24, 2007 (five days after the July 19, 2007 Notice Issuance) | October 23, 2007 |

Clearly, Plaintiff failed to file his Title VII claim within the proper timeframes. According to established Seventh Circuit precedent, his Title VII claims are time-barred, and should be dismissed.

### IV. THE MAJORITY OF PLAINTIFF'S TITLE VII SEX DISCRIMINATION CLAIMS AND PLAINTIFF'S ENTIRE TITLE VII RETALIATION CLAIM ARE BEYOND THE SCOPE OF HIS CHARGE AND SHOULD BE DISMISSED.

Even if this court finds that Plaintiff's Complaint was timely filed, to the extent that Plaintiff is attempting to bring a sex discrimination and retaliation claim based on Title VII, the claims, save for the claim in ¶ 9(b), must still be dismissed for failure to state a claim because the allegations in Count I and Count II exceed the scope of Plaintiff's Charge. Courts are clear that in order for a Plaintiff to bring a claim under Title VII in a court action, that claim must have been included in the underlying charge. *McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996). This condition precedent of an EEOC charge serves two important goals: (1) preserving the primary jurisdiction of the EEOC; and (2) providing the EEOC and employer an opportunity to informally resolve allegations of discrimination without resort to costly litigation. *See Fernando v. Rush-Presbyterian-St. Luke's Medical Center*, 882 F. Supp. 119, 122 (N.D. Ill. 1995). If a claim not specifically mentioned in the charge is not like or reasonably related to the underlying charge, the claim will be dismissed pursuant to Federal Rule of Civil Procedure

7

12(b). *McKenzie*, 992 F.3d at 481. Claims are not like or reasonably related unless "there is a factual relationship between them. This means that the EEOC and the complaint must at a minimum describe the same conduct and implicate the same individuals." *Craddock v. American Airlines*, No. 02 C 5293, 2002 U.S. Dist. LEXIS 23369, at *6 (N.D. Ill. Dec. 4, 2002) (quoting *Cheek v. Western and Southern Life Ins*. Co., 31 F. 3d 497, 501 (7th Cir. 1994) (emphasis in original) (copy attached as Ex. "4").

    **A.**    **All But One Claim In Plaintiff's Title VII Sex Discrimination Claim Should Be Dismissed Because The Claims Are Beyond The Scope Of The Charge.**

In his First Amended Complaint, the Plaintiff attempts to bypass the prerequisites of Title VII and requests relief for the alleged discrimination he has experienced by GSSC employees, including (i) not providing him with crucial firearms training; (ii) refusing Plaintiff's requests for a transfer from assignments that exposed him to diesel fumes; (iii) threats against his life by his supervisor holding a firearm; (iv) Plaintiff's nervous system shut down and his collapse and trip to the hospital; and (v) Plaintiff's alleged discriminatory termination. (Ex. 5: Plaintiff's First Amended Complaint ¶ 9-12). On the other hand, Plaintiff's Charge only included the following allegations:

    1.    I have been subjected to unequal terms and conditions in employment by Robert Doble, Captain W.T. Moss, Sergeant Guy D'Oer(sic), and Evan Person. (Ex. 6: Plaintiff's Charge of Discrimination)

    2.    In July, 2005 and continuing to the present, I have not been allowed to bring my tote bag to work with me. Sgt. Moss referred to my tote bag a purse and states that only women carry purses. Female employees are allowed to bring their tote bags to work. (*Id.*)

    3.    Nancy Wnuk (female), Officer, is allowed to conduct union business during work hours. (*Id.*)

    4.    On January 11, 2006, I called in sick, when I returned on January 12, 2006, I was told I had to provide a doctor's note. (*Id.*)

    5.    Wnuk is allowed to take extended breaks and Respondent does not discipline her. (*Id.*)

    6.    Similarly situated Nancy Wnuk is not subjected to unequal terms and conditions of employment. (*Id.*)

The <u>only</u> allegation contained in both Plaintiff's First Amended Complaint and his Charge, is Plaintiff's allegation in ¶ 9(b)[3] regarding remarks allegedly made by WT Moss. (*Id.* at 9(b)). As the 7th Circuit has recognized, at a minimum, the EEOC charge and the complaint must "describe the same conduct and implicate the same individuals." *Cheek* at 501. This is not the case here. A close look at Plaintiff's Charge and his First Amended Complaint reveal that the claims (save the claim in ¶ 9(b)) implicate different individuals and describe completely different conduct. As *Cheek* recognized, an employer may discriminate in numerous ways. Thus, "a claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex discrimination." *Id*.

Moreover, in his First Amended Complaint, Plaintiff claims that he was terminated for discriminatory reasons. This is a distinct act, undertaken by a separate individual. The Charge does not mention a termination, and thus Plaintiff's First Amended Complaint goes beyond the scope of his Charge with respect to his alleged discriminatory termination and should be dismissed.

---

[3] GSSC has not moved to dismiss Plaintiff's claim in ¶ 9(b) of his Complaint.

The rule limiting complaints to the allegations in an administrative charge "serves the dual role of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of giving the employe[r] some warning of the conduct about which the employee is aggrieved." *Cheek*, 31 F.3d at 500 (citations omitted). Here, the Charge provided no such opportunity. Because Plaintiff included only one claim from his Charge in his First Amended Complaint and asserted a menagerie of new and distinct claims in his First Amended Complaint that were not reasonably related to his Charge, GSSC respectfully requests that the Court dismiss, with prejudice, all of the claims in Count I, except for Plaintiff's claim in ¶ 9(b).

**B.   Plaintiff's Title VII Retaliation Claims Are Beyond The Scope of His Charge And Should Be Dismissed.**

A Title VII plaintiff must, before submitting her claim to a court, describe the complaints against her employer in an administrative charge to the EEOC. *Ajayi v. Aramark Business Services, Inc.*, 336 F.3d 520, 529-30 (7th Cir. 2003). "[T]he EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals." *Id.* (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994)). In the present case, Plaintiff's amended Charge dated August 8, 2006, alleges that Plaintiff was subjected to discrimination based on his sex and that he was retaliated against for filing a charge of discrimination. Specifically, Plaintiff alleges in his charge: (i) failure to pay overtime in retaliation for filing a charge of discrimination; (ii) failure to investigate a complaint on May 23, 2006 of being denied bathroom breaks in retaliation for filing a charge of unequal terms and conditions; and (iii) verbal harassment by Guy D'Oer (sic), Nancy Wnuk, Robert Doble, W.T. Moss, and Ms. Alvarez. (*See* Ex. 6: Plaintiff's Charge of Discrimination)

Count II of Plaintiff's First Amended Complaint alleges that Plaintiff was subjected to harassment and unwanted discipline in retaliation for his filing of a charge of sex discrimination with the Illinois Department of Human Rights. (*See* Plaintiff's First Amended Complaint ¶ 22). Plaintiff's First Amended Complaint further alleges that he suffered harassment from Guy D'oer and Dan Johnson and that such harassment included (i) withholding Plaintiff's mandatory State of Illinois gun card for seven (7) days and threatening Plaintiff with termination for not having it; (ii) suspending Plaintiff for one (1) month without pay on a false accusation; (iii) threatening Plaintiff's life, while armed with a firearm, which resulted in Plaintiff's sudden collapse and a weekend long hospital stay for Plaintiff to recover from the injury; and (iv) terminating Plaintiff's employment without any basis after Plaintiff called about his next day's work assignment. (*See* Plaintiff's First Amended Complaint ¶ 22-23).

Plaintiff's Charge however, makes no mention of anyone named Dan Johnson or of *any* of the specific allegations in Plaintiff's First Amended Complaint. Dan Johnson and his alleged acts against Plaintiff are distinct acts undertaken by a separate individual never mentioned in Plaintiff's Charge or amendments thereto and therefore should be dismissed. Further, none of the retaliation allegations in Plaintiff's First Amended Complaint are found in Plaintiff's Charge, including Plaintiff's termination claim.

Accordingly, Count II of Plaintiff's First Amended Complaint should be dismissed, with prejudice, as they are beyond the scope of his Charge.

## V. CONCLUSION

WHEREFORE, GSSC respectfully requests that the Court dismiss Plaintiff's First Amended Complaint for lack of subject matter jurisdiction  However, if the court finds that Plaintiff timely filed his Complaint, GSSC requests that the Court dismiss Plaintiff's First

11

Amended Complaint (save ¶ 9(b) of Plaintiff's First Amended Complaint) with prejudice for failure to state a claim for which relief can be granted, and award GSSC any and all further relief that the Court deems appropriate.

> Respectfully submitted,
>
> GENERAL SECURITY SERVICES
> CORPORATION
>
>
> By: */s/ Yadira F. Rios*
>         One of its attorneys

Paul E. Bateman
Yadira F. Rios
LITTLER MENDELSON
A Professional Corporation
200 North LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520 (phone)
312.372.7880 (facsimile)

Dated: April 18, 2008

**CERTIFICATE OF SERVICE**

Yadira F. Rios, an attorney, hereby certifies that, on April 18, 2008, a copy of the foregoing Memorandum of Law in Support of Motion to Dismiss was filed electronically. Notice of filing will be sent to the following parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

Lisa R. Kane
Lisa Kane & Associates
120 South LaSalle Street
Suite 1420
Chicago, IL 60603
lisakane@sbcglobal.net


Yadira F. Rios

Firmwide:84765355.1 047955.1075