# EXHIBIT 3

LEXSEE

BALENCIAGA STAVROU, Plaintiff, v. MERCY HOSPITAL AND MEDICAL CENTER, Defendant.

Case No. 01 C 2493

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

2004 U.S. Dist. LEXIS 11484

June 22, 2004, Decided
June 23, 2004, Docketed

**DISPOSITION:** [*1] Mercy's Motion to Dismiss granted.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff former employee filed a complaint against defendant former employer alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq. The former employer moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (6), arguing the complaint was not filed within the 90-day limitation period of 42 U.S.C.S. § 2000e-5(f)(1).

**OVERVIEW:** The United States Postal Service attempted to deliver the right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) on several occasions and returned it to the EEOC as "unclaimed." The former employee offered no explanation as to why she did not receive it at the time of original delivery in November. She simply asserted that the Postal Service failed to successfully serve her. Although she produced the original envelope used to deliver the letter, the notation on the envelope stated that redelivery was to be made on November 9, 2001, which seemed to show that at least two attempts at delivery were made. In the absence of a valid justification, it was reasonable to believe that no fortuitous events prevented her from collecting mail at that address. That conclusion was supported by the fact that she actually received a subsequent letter on January 8, 2001, at the same address. Under 42 U.S.C.S. § 2000e-5(f)(1), the 90-day period began to run when original delivery was attempted some time between November 7, 2000, and November 9, 2000, thus the filing of the suit on April 9, 2001, was beyond the 90-day filing period.

**OUTCOME:** The motion to dismiss was granted.

**CORE TERMS:** fault, certified mail, delivery, notice, mail, right to sue, filing period, actual notice, claimant, envelope, deliver, begins to run, discriminated, right-to-sue, collection, notified, actually received, collecting, notation

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims*
*Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation*
[HN1]When considering a motion to dismiss, a court must view the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts in the complaint must be accepted as true. Dismissal is proper only if it appears beyond a doubt that plaintiff can prove no set of facts in support of a claim which would entitle her to relief. When evaluating the motion to dismiss, the court may consider documents that are referred to in the complaint and are considered central to the claim.

*Governments > Federal Government > U.S. Postal Service*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
*Labor & Employment Law > Discrimination > Title VII of the Civil Rights Act of 1964 > General Overview*

[HN2]A plaintiff is entitled to bring a civil action within 90-days of receiving a right-to-sue notice from the Equal Employment Opportunity Commission, however, failure to raise the claim within that time period results in loss of the plaintiff's right to sue. 42 U.S.C.S. § 2000e-5(f)(1). The 90-day period begins to run when the claimant receives actual notice of her right to sue. The actual notice rule, however, does not apply when the claimant fails to receive notice because of her own fault. In circumstances of fault, the 90-day period begins to run when the letter is delivered to the intended recipient's most recent address. As a plaintiff is the person in possession of the facts regarding why she did not receive the letter within the specified date, such a plaintiff has the burden of producing those facts. In the absence of evidence proving dates of delivery, the law presumes timely delivery of a properly addressed piece of mail. This rule has been further extended rule to include the presumption that the United States Postal Service timely notifies people that certified mail is being held for their collection.

*Civil Procedure > Pleading & Practice > Motion Practice > Time Limitations*
*Civil Procedure > Pleading & Practice > Service of Process > Time Limitations > General Overview*
*Governments > Federal Government > U.S. Postal Service*

[HN3]When a claimant is notified that certified mail is waiting, she will be at fault for not picking up the letter within the time before the United States Postal Service returns it to the sender.

**COUNSEL:** For BALENCIAGA STAVROU, plaintiff: David E. Heiss, Fisher Kanaris, P.C., Chicago, IL. Ann Marie Waldron, Mark J Pizur, Tabbert Hahn Earnest & Weddle, LLP, Indianapolis, IN.

For MERCY HOME HEALTH CARE, defendant: Gerald L. Pauling, Seyfarth Shaw, Chicago, IL. Cynthia M. Peterson, Seyfarth Shaw, Chicago, IL.

**JUDGES:** George M. Marovich, United States District Judge.

**OPINION BY:** George M. Marovich

**OPINION**

*MEMORANDUM OPINION AND ORDER*

Plaintiff Balenciaga Stavrou ("Stavrou") filed a one-count Complaint against Mercy Hospital and Medical Center ("Mercy") (originally misnamed as Mercy Home Health Care), on April 9, 2001. Stavrou alleges that Mercy discriminated against her on the basis of race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). 42 U.S.C. § 2000(e) *et seq.* In response, Mercy now moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). For the reasons set forth below, the Motion to Dismiss is granted.

*BACKGROUND*

On March 30, 2000, Stavrou filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that [*2] her former employer, Mercy, discriminated against her. The EEOC investigated and issued a Dismissal and Notice of Rights document ("right to sue letter") on November 7, 2000. The EEOC sent a copy of the document to Stavrou through the United States Postal Service ("Postal Service") via certified mail. A copy of the envelope shows that re-delivery was to be attempted on November 9, 2000. Stavrou, however, never obtained this mailing, thus the Postal Service labeled the letter "unclaimed" and returned it to the EEOC some time before January 5, 2001. On that date, the EEOC resent the same letter to Stavrou through the Postal Service via regular mail. Stavrou actually received this second delivery of the letter on January 8, 2001. She proceeded to file a complaint on April 9, 2001, which asserted one count of racial discrimination by Mercy in violation of Title VII. Mercy responded on September 19, 2003 by filing a motion to dismiss on the basis that Stavrou's Complaint was not filed within Title VII's ninety-day limitation period. Specifically, Mercy argues that the ninety-day filing period began in November when the letter was first delivered to Stavrou. Mercy further contends that the [*3] action should be dismissed because Stavrou's Complaint included a charge of a hostile work environment which was beyond the scope of the EEOC's investigation.

*DISCUSSION*

I. *Standard for a Motion to Dismiss*

[HN1]When considering a motion to dismiss, a court must view the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts in the complaint must be accepted as true. *Wilson v Formigoni, 42 F.3d 1060, 1062 (7th Cir. 1994).* Dismissal is proper only if it appears beyond a doubt that plaintiff can prove no set of facts in support of a claim which would entitle her to relief. *Conley v Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).* When evaluating the motion to dismiss, the court may consider documents that are referred to in the complaint and are considered central to the claim. *Albany Bank & Trust Co. v Exxon Mobil Corp., 310 F.3d 969, 971 (7th Cir. 2002).*

II. *Timeliness*

In its Motion to Dismiss, Mercy contends that Stavrou failed to file her Complaint within ninety days of receiving her right-to-sue notice from the EEOC. [HN2]Stavrou is entitled to bring a civil action within [*4] ninety days of receiving such notice, however, failure to raise her claim within that time period results in loss of her right to sue. 42 U.S.C. § 2000e-5(f)(1). In this Circuit, "the 90-day period begins to run when the claimant receives actual notice of her right to sue." Houston v Sidley & Austin, 185 F.3d 837, 839 (7th Cir. 1999). The actual notice rule, however, does not apply when the claimant fails to receive notice because of her own fault. St. Louis v Alverno College, 744 F.2d 1314, 1317 (7th Cir. 1984). In circumstances of fault, the ninety-day period begins to run when the letter is delivered to the intended recipient's most recent address. Bond v American Medical Association, 764 F. Supp. 122, 125 (N.D. Ill. 1991). As the plaintiff is the person in possession of the facts regarding why she did not receive the letter within the specified date, she has the burden of producing those facts. Houston, 185 F.3d at 840. In the absence of evidence proving dates of delivery, the "the law presumes timely delivery of a properly addressed piece of mail." McPartlin v Comm'r, of the Internal Revenue Serv., 653 F2d. 1185, 1191 (7th Cir. 1981). [*5] The Seventh Circuit further extended this rule to include the presumption that the Postal Service timely notifies people that certified mail is being held for their collection. Bobbitt v Freeman Companies, 268 F.3d 535, 538 (7th Cir. 2001).

By applying these rules to the current case, it is apparent that Stavrou was at fault for not collecting her right-to-sue letter and therefore the original delivery date in November is used to establish the beginning of the ninety-day filing period. In the instant case, the Postal Service attempted to deliver the letter on several occasions, however, Stavrou offers no explanation as to why she did not receive it at the time of original delivery in November. Without providing any discussion or support regarding fault, Stavrou simply asserts that the Postal Service failed to successfully serve her. Although Stavrou did include as evidence the original envelope used to deliver the letter, the notation on the envelope states that redelivery was to be made on November 9, 2001. This notation seems to indicate that the Postal Service made at least two attempts to deliver the letter. Stavrou offers no explanation as to why she was unable [*6] to receive mail at that address in November. In the absence of a valid justification, it is reasonable to believe that no fortuitous events prevented Stavrou from collecting mail at that address. This conclusion is supported by the fact that Stavrou actually received the subsequent letter on January 8, 2001, at the same address.

Stavrou's continued silence on the issue of the notification that the Postal Service was holding certified mail for her collection further supports the conclusion that she was at fault. In the absence of any allegations to the contrary, this Court applies the established presumption that Stavrou was notified that the Postal Service was holding certified mail for her receipt. Bobbitt, 268 F.3d at 538. [HN3]When a claimant is notified that certified mail is waiting, she will be at fault for not picking up the letter within the time before the Postal Service returns it to the sender. Id.; Bond, 764 F. Supp at 125. Stavrou did not collect the letter before it was returned to the EEOC and only received it when it was redelivered [1]. As such, Stavrou is at fault for not obtaining the letter and is unable to take advantage of the actual [*7] notice rule. Accordingly the ninety-day period began to run when original delivery was attempted some time between November 7, 2000 and November 9, 2000, thus Stavrou's April 9, 2001 occurred between 151 and 153 days after notice was delivered and thus beyond Title VII's ninety-day filing period.

> 1 In certain circumstances, the court can excuse a plaintiff's failure to pick up certified mail when the plaintiff took reasonable steps to obtain the mail. Trinkle v Litho, 627 F. Supp. 764, 765 (N.D. Ill. 1986); Yehuda v Chicago Park District, 1999 U.S. Dist. LEXIS 2107 at *7 (N.D. Ill. February 22, 1999);King v Rolm Company, 1992 U.S. Dist. LEXIS 8055 at *14 (N.D. Ill. June 4, 1992). (holding that plaintiff was not at fault where she was unable to obtain her right to sue letter that was being held by the Postal Service due to a busy work schedule, but she remained in continuous contact with the EEOC and the Postal Service in attempting to find a convenient way to receive the letter.) In the current case, however, Stavrou has not demonstrated that she used reasonable efforts to receive the letter.

[*8] CONCLUSION

For the reasons set forth above, Mercy's Motion to Dismiss is granted.

George M. Marovich

United States District Judge

DATED: June 22, 2004

**JUDGMENT IN A CIVIL CASE**

Decision by Court. This action came to hearing before the Court. The issues have been heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Mercy's motion to dismiss is granted.

Date: 6/22/2004