# EXHIBIT 5

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ANTHONY J. FERRANTINO,

        **Plaintiff,**

  vs.

GENERAL SECURITY SERVICES
CORPORATION,

        **Defendant.**

**Case No. 07 CV 7091**
**Hon. Ruben Castillo,**
**Judge Presiding**
**Magistrate Brown**

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, ANTHONY J. FERRANTINO, by and through his counsel, LISA

KANE & ASSOCIATES, P.C., and complaining of Defendant, GENERAL SECURITY SERVICES

CORPORATION, states as follows:

### PRELIMINARY STATEMENT

1.    This is an action seeking redress for the violation of rights guaranteed to Plaintiff by

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. Plaintiff seeks

declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### JURISDICTIONAL STATEMENT

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)

and (4) to secure protection of and to redress deprivation of rights secured by 42 U.S.C. §§ 2000e

et seq. Plaintiff seeks mandatory injunctive relief and damages to redress discriminatory

employment practices used by Defendant.

1

## VENUE

3.      Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

4.      Plaintiff, ANTHONY J. FERRANTINO, is a male citizen of the United States of America and is a resident of the State of California.

5.      Defendant, GENERAL SECURITY SERVICES CORPORATION, is a corporation properly sanctioned and recognized by the laws of the State of Minnesota, and does business in the State of Illinois at all times relevant hereto. Defendant is subject to the jurisdiction of the Court as an employer within the meaning of 42 U.S.C. § 2000e(b).

## PROCEDURE

6.      Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on January 25, 2006. The EEOC issued Plaintiff a Notice of Right to Sue on September 13, 2007, which Plaintiff received on September 17, 2007. The Notice of the Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

## COUNT I -SEX DISCRIMINATION - TITLE VII

7.      Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8.      Defendant hired Plaintiff as a security officer on September 25, 2001. Throughout his employment with Defendant, Plaintiff has performed to Defendant's reasonable expectations as exemplified by his successive performance evaluations that all exceeded expectations and by the lack

2

of discipline issued to him.

9.    Beginning in July 2005, Defendant subjected Plaintiff to inferior terms and conditions as compared to his similarly-situated female coworkers. Such inferior terms and conditions imposed upon Plaintiff because of his sex, male, included, but are not limited to:

(a)    Plaintiff's supervisors providing female security officers with crucial firearms training not provided to Plaintiff despite his repeated requests for similar training;

(b)    Plaintiff's supervisor, WT Moss, making direct sexually discriminatory remarks in refusing to allow Plaintiff to bring his briefcase to work, such as "only women carry purses," despite knowing that Plaintiff needs his briefcase to carry his medical supplies; and

(c)    Plaintiff's supervisors refusing Plaintiff's requests for a transfer from assignments that exposed him to diesel fumes that were harmful to him because of his acute medical condition, but accommodating female security officers who made the same request.

10.    In addition to the inferior terms and conditions of employment imposed on Plaintiff, Defendant further discriminated against Plaintiff on the basis of his sex when it terminated his employment without explanation.

11.    Defendant's decision to terminate Plaintiff's employment followed a threat made against Plaintiff's life by his supervisor, who was also holding a firearm. As a result of this threat against his life, Plaintiff's nervous system shut down, causing him to collapse and to be rushed to the nearest hospital, where he spent the weekend as a patient.

3

12.     Immediately after his release from the hospital, Plaintiff called Defendant to inquire about his following day's work assignment, but was greeted by his supervisor, Captain John Crow, who told Plaintiff to not come back to work.

13.     Since terminating Plaintiff's employment, Defendant has never eliminated Plaintiff's former position.

14.     On information and belief, Defendant has not terminated the employment of similarly situated female employees without cause or explanation.

15.     Any proffered explanation for Defendant's termination of Plaintiff's employment is pretext for sex discrimination as Plaintiff was fully qualified to maintain his employment with Defendant as exemplified by his performance evaluations that consistently exceeded expectations and by his lack of discipline.

16.     As a direct and proximate result of Defendant's aforementioned willful and reckless disregard for Plaintiff's civil rights, Defendant subjected Plaintiff to adverse terms and conditions that it did not subject similarly-situated female employees during Plaintiff's employment.

17.     The aforementioned acts of Defendant were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff because of his sex, male, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

18.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANTHONY J. FERRANTINO, prays for judgment against Defendant, GENERAL SECURITY SERVICES CORPORATION, and respectfully requests that this Court:

A.   Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.   Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of sex;

C.   Order Defendant to make whole ANTHONY J. FERRANTINO by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.   Order Defendant to pay lost, foregone, and future wages to ANTHONY J. FERRANTINO;

E.   Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F.   Grant Plaintiff his attorney's fees, costs, disbursements; and

G.   Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II - RETALIATION - TITLE VII

19.   Paragraphs one (1) through fifteen (15) are incorporated by reference as if fully set forth herein.

20.   Due to the inferior terms and conditions of employment imposed upon him as

5

compared to his female coworkers, Plaintiff continually opposed Defendant's discriminatory practices, including, but not limited to, filing a charge of sex discrimination with the Illinois Department of Human Rights.

21.     Plaintiff engaged in statutorily protected activity under Title VII based on his opposition to and reporting of Defendant's discriminatory conduct towards male employees.

22.     Following his complaint of sex discrimination, the discriminatory terms and conditions of Plaintiff's employment did not improve, and Plaintiff was immediately subjected to harassment and unwarranted discipline in retaliation of his complaint.  Such harassment by Plaintiff's supervisors, such as Guy D'oer and Dan Johnson, against Plaintiff after he engaged in protected activity included, but is not limited to:

> (a)     withholding Plaintiff's mandatory State of Illinois gun card for seven (7) months and threatening Plaintiff with termination for not having it, even though Plaintiff continually requested it;
>
> (b)     suspending Plaintiff for one (1) month without pay on a false accusation; and
>
> (c)     threatening Plaintiff's life, while armed with a firearm, which resulted in Plaintiff's sudden collapse and a weekend long hospital stay for Plaintiff to recover from the injury.

23.     Defendant further retaliated against Plaintiff by terminating Plaintiff's employment without any basis immediately after Plaintiff called about his next day's work assignment following his release from the hospital.

24.     Defendant's termination of Plaintiff's employment is pretext for Defendant's retaliatory motives as there exists no other credible reason as Plaintiff's performance evaluations

6

throughout his employment all exceeded expectations and Plaintiff had never previously been disciplined.

25.     The aforementioned acts and omissions of Defendant constitute unlawful retaliation for Plaintiff's opposition to sex discrimination, depriving Plaintiff of the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

26.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ANTHONY J. FERRANTINO, prays for judgment against Defendant, GENERAL SECURITY SERVICES CORPORATION, and respectfully requests that this Court:

A.     Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.     Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of sex; and retaliates against an individual for complaining of an unlawful employment practice;

C.     Order Defendant to make whole ANTHONY J. FERRANTINO by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.     Order Defendant to pay lost, foregone, and future wages to ANTHONY J.

FERRANTINO;

E.      Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F.      Grant Plaintiff his attorney's fees, costs, disbursements; and

G.      Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

27.     Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

Respectfully submitted,

ANTHONY FERRANTINO, Plaintiff,

By:  s/Lisa Kane
        Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorneys for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

**Verification**

I, Anthony Ferrantino, declare under penalty of perjury that the foregoing is true and correct.

Executed on March 13, 2008.

Anthony Ferrantino

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Anthony J. Ferrantino<br>202 E Krack Unit 121<br>Forrest, IL 61741 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2006-00904 | Armernola P. Smith,<br>State & Local Coordinator | (312) 886-5973 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____                    September 13, 2007
John P. Rowe,                                           (Date Mailed)
District Director

Enclosures(s)

cc:     GENERAL SECURITY SERVICE
        230 S Dearborn 3rd F
        Chicago, IL 60604